UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONACIANO ANTONIO RENTERIA, | No. 2:22-cv-01376-CKD |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal inmate proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). See ECF Nos. 9, 12.

This habeas corpus action was transferred to this court on July 20, 2022 from the Northern District of California on two claims challenging the application of time credits to petitioner's sentence.[1] See ECF No. 4 (redacted transfer order). Because petitioner is confined in this judicial district, this court has jurisdiction over the challenges to the execution of his sentence. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (holding that "petitions that challenge the manner, location or conditions of a sentence's execution must be brought pursuant

---

[1] The Northern District of California, where petitioner was sentenced, construed claims 1 and 3 of petitioner's 28 U.S.C. § 2255 motion as challenges properly raised in a habeas corpus petition pursuant to 28 U.S.C. § 2241.

to § 2241 in the custodial court.").

On August 23, 2022, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days. ECF No. 7. Respondent filed a motion to dismiss on December 5, 2022 and petitioner filed an opposition. ECF Nos. 15, 23. Respondent did not file a reply, and the time to do so has expired. For the reasons explained below, the undersigned grants respondent's motion and dismisses petitioner's § 2241 claims on the merits.

**I.      Factual and Procedural History**

Petitioner was convicted following his guilty plea to felon in possession of a firearm and ammunition and possession of marijuana with the intent to distribute in the Northern District of California on May 13, 2021. ECF No. 1 at 1; ECF No. 15-1 at 20-22 (Judgment). He was sentenced to 58 months on each count to be served concurrently followed by a three year term of supervised release. Id. Petitioner did not file a direct appeal.

On April 7, 2022, petitioner filed a filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[2] The sentencing court granted respondent's motion to dismiss the § 2255 motion with respect to claims 2, 4, 5, and 6 on July 20, 2022. See ECF No. 4.

In his first § 2241 claim, petitioner asserts that his trial counsel was ineffective for not arguing at sentencing that he should receive credit for pretrial release while he was out of custody on bond pursuant to United States Sentencing Guidelines § 5G1.3(c).[3] ECF No. 1 at 3-4. According to petitioner, he "believed that it was in his best interest to remain out of custody for as long as possible becasue [sic] the time that was being spent constructively out of prison would be a considering factor for less time in prison." ECF No. 1 at 4. Petitioner also contends that he should receive sentencing credit for the 7 months that he spent on electronic monitoring under state supervision before he was charged in federal court. ECF No. 1 at 9-10. Petitioner compares electronic monitoring to "home confinement, which should and is nearly always applied as credits

---

[2] The constructive filing date was determined using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

[3] As the custodial court, these claims are only cognizable as challenges to the Bureau of Prisons' failure to award him sentencing credit rather than ineffective assistance of trial counsel claims. This court does not have jurisdiction to vacate or otherwise alter petitioner's sentence due to a Sixth Amendment violation of his right to counsel.

towards any sentence imposed." ECF No. 1 at 10.

In the motion to dismiss, respondent asserts that petitioner failed to exhaust his administrative remedies with the Bureau of Prisons and, even considering the merits, the claims fail. ECF No. 15. According to respondent, the Bureau of Prisons awarded petitioner credit for the 5 days in which he was in state custody after he was arrested on July 23, 2018 for the conduct that led to his federal conviction. ECF No. 15 at 2; ECF No. 15-1 at 9. Petitioner also received 8 days of credit for the time between his arrest on the federal charges on January 29, 2019 through the date he was released on federal pretrial bond on February 5, 2019. Id. Based on Supreme Court case law and the Bureau of Prisons' Sentence Computation Manual, petitioner is not entitled to any additional credits for time spent on electronic monitoring. See ECF No. 15 at 4 (citing Reno v. Koray, 515 U.S. 50 (1995)); ECF No. 15-1 at 36-37.

In a counseled opposition to the motion, petitioner argues that the court should exercise its discretion to review the claims on the merits and not require the exhaustion of administrative remedies. ECF No. 23. In support thereof, petitioner indicates that he has very limited English language skills which makes exhaustion difficult. ECF No. 23. Furthermore, sentencing computation credits is a highly technical area of the law with which petitioner would not be familiar in order to properly present his claims in an administrative forum. Id. Even assuming that petitioner properly exhausted his claims, the BOP would appeal and court intervention would still be necessary to fully resolve the pending issues. According to petitioner, all of these factors counsel in favor of excusing the exhaustion requirement in this case. Id. If the court does not excuse the exhaustion requirement, petitioner requests a stay of these proceedings. Id. The opposition does not address the merits of petitioner's claims for relief.

**II.    Analysis**

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

/////

/////

**A. Exhaustion of Administrative Remedies**

Federal prisoners must first exhaust their administrative remedies through the BOP before petitioning a federal court for time credit against their sentence. Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). However, because the habeas corpus statute under which petitioner seeks relief does not require exhaustion of administrative remedies, it is not a jurisdictional requirement. See Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir. 1978) (emphasizing that "[t]he underlying goal of the courts in making such determinations is, of course, the expeditious administration of justice, both in courts and agency tribunals."). As a result, this court has the discretion to excuse petitioner's failure to exhaust and reach the merits of his habeas claims. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995). In considering whether this requirement should be excused, courts should consider whether: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted). The exhaustion requirement may be bypassed by the court when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)).

In this case, petitioner's expected release date with credit for good conduct is August 6, 2025. See ECF No. 15-1 at 3. In his first claim for relief, petitioner is apparently seeking credit for the almost 2 1/2 year period in which he was on federal pretrial bond between February 5, 2019 and his self-surrender date of July 7, 2021. See ECF No. 15-1 (docket sheet for United States v. Renteria, Case No. 5:18-cr-00613-BLF-1 (N.D. Cal.)). If granted relief on this claim, petitioner's release date with these additional 883 days of credit would be March 7, 2023. Thus, failing to review the merits at this juncture would result in irreparable injury to petitioner.

Therefore, the court finds that the exhaustion requirement should be excused in this case. See Laing v. Ashcroft, 370 F.3d at 1000.

### B. Merits

Because the habeas petition was filed pro se, the court will liberally construe petitioner's first claim for relief as a general request for credit for the 883 days spent on federal pretrial release. Petitioner's second claim for relief also requests credit for the time that he was on electronic monitoring by state authorities for the conduct that led to his federal conviction. Pursuant to 18 U.S.C. § 3585(b), a federal prisoner is entitled to receive credit for time served in "official detention prior to the date the sentence commences." See also United States v. Wilson, 503 U.S. 329, 334 (1992) (explaining that § 3585(b) does not authorize a district court to compute credit for time served at sentencing). In Reno v. Koray, 515 U.S. 50, 58 (1995), the Supreme Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,'… and who were subject to BOP's control." Under Koray, neither electronic monitoring nor general restrictions on petitioner's movement as a condition of his pretrial bond constitute "official detention." See also Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) (finding that as defendant was not in the custody of the Attorney General while on electronic monitoring and home detention as conditions of his pretrial release, he was not subject to "official detention" within the meaning of 18 U.S.C. § 3585(b) and the Supreme Court's decision in Koray and was therefore not entitled to sentencing credit). Thus, petitioner is not entitled to any sentencing credit for these time periods and his § 2241 petition is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 22) is granted to the extent that the opposition filed on April 18, 2023 is deemed timely filed.
2. Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied on the merits as explained herein.

/////

/////

1  Dated: June 30, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9  12/rent1376.2241.merits